IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JUSTICE A. MITCHELL                                                                           PLAINTIFF

      v.                              Civil No.  13-6102

SHERIFF LARRY SANDERS, Garland
County, Arkansas                                                                              DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the Tucker Unit of the Arkansas Department of Correction located in Tucker, Arkansas.  At the time relevant to this complaint, Plaintiff was incarcerated at the Garland County Detention Center (GCDC) located in Hot Springs, Arkansas. While at the GCDC, Plaintiff alleges that he was hurt when a top bunk broke loose and fell on him.

The case is currently before me on a motion to dismiss (Doc. 13) filed by the Defendant. Plaintiff has responded (Doc. 17) to the motion.  The motion to dismiss is ready for decision.

### 1.  Background

According to the allegations of the amended complaint, Plaintiff was incarcerated in the GCDC on a parole violation and awaiting trial on pending criminal charges.

Plaintiff was assigned to a bottom bunk.  On some unspecified day,[1] the upper bunk fell striking Plaintiff in the head, shoulder, and an already injured arm.

---

[1] In his response, Plaintiff indicates the bunk fell on him on August 21, 2013, at around four to five p.m. (Doc. 17 at pg. 1).

Plaintiff maintains the GCDC is an unsafe environment. He alleges his constitutional rights were violated by Sheriff Sanders. As relief, Plaintiff asks that his hospital bills arising out of this incident be paid.

**2. Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

**3. Discussion**

Defendant maintains he is entitled to the dismissal of this case because no plausible claim has been made against him. Specifically, he maintains that Plaintiff fails to state a claim as to the subjective component of a conditions of confinement case. Defendant points out that he was not alleged to have any prior knowledge of problems with the top bunk in the cell Plaintiff was confined to.

In opposition, Plaintiff argues that the GCDC maintenance records will show that in cell #1-B-102 the top bunk was weak and could not hold anyone. Plaintiff also maintains that bed assignment records indicate that no inmates were assigned to the top bunk even though the jail was full. Based on this, Plaintiff argues that Defendant had to have known that the cell was unsafe.

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). See also Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009)(en banc). For conditions of confinement cases, wantonness is the equivalent of deliberate indifference.[2] See Wilson v. Seiter, 501 U.S. 294, 302-04 (1991).

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004)(citing Wilson, 501 U.S. at 298). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendants' conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" Revels, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." Revels, 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency

---

[2]The Court of Appeals for the Eighth Circuit has adopted the Eighth Amendment's deliberate indifference standard for both detainees and convicted inmates. See Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006)(adopting the Eighth Amendment's deliberate indifference standard as the "appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care and reasonable safety.)" Thus, Plaintiff's date of conviction is not relevant to this case.

that mark the progress of a maturing society." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976).

I agree with Defendant. The complaint is wholly lacking in regard to any deliberate indifference on the part of Sheriff Sanders. There are no allegations that he was aware of the condition of the top bunk or was in any way personally involved in deciding what cell or bed an inmate should be assigned. There is no suggestion that the Sheriff reviewed maintenance records or records regarding inmate bed assignments. There is no suggestion that there was an unconstitutional custom or policy that was the moving force behind the alleged constitutional violation.

### 4. Conclusion

For the reasons stated, I recommend that the motion to dismiss (Doc. 13) be granted and this complaint be dismissed without prejudice. The claims asserted are frivolous and fail to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b). Dismissal of this case will constitute a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of April 2014.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE